IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**OLLIE CAIN**                                                                           **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.  3:12CV853 CWR-LRA**

**CAROLYN W.  COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY**          **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Ollie Cain, proceeding *pro se*, appeals the final decision denying his Title II application for a period of disability and disability insurance benefits.  The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge.  Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be affirmed for the reasons that follow.

**Factual and Procedural Background**

On April 20, 2010, Cain protectively applied for disability benefits alleging that he became disabled on January 1, 1996, due to migraines.  He was 56 years old at the time of the filing, and is a high-school graduate, with previous work experience as a USAF aerospace-medic, mail-handler, clinic-clerk, machine-operator, and inventory specialist.  The claim was denied initially and on reconsideration.  Plaintiff appealed the denial, and following two administrative hearings, Administrative Law Judge W. Stephen Hubbard ("ALJ") rendered an unfavorable decision on January 24, 2012, finding that Plaintiff had

not established a disability within the meaning of the Social Security Act.[1]  The Appeals Council denied Plaintiff's request for review and he now appeals that decision.

After reviewing the evidence, the ALJ determined at step one of the five-step sequential evaluation, that Plaintiff had not engaged in substantial gainful activity from his alleged onset date, January 1, 1996, though his date of last insured, December 31, 1997.  At step two, the ALJ found that although Plaintiff's intractable migraines were a medically determinable impairment, they were not medically severe through his date last insured.  *Brunson v. Astrue*, 387 F. Appx 459, 460 (5th Cir. 2010).  Based on the evidence as a whole, the ALJ concluded that Plaintiff failed to establish a disability under the Social Security Act before his insured status expired.

## Discussion

Plaintiff does not assert any specific assignments of error on appeal, but generally contends that the ALJ erred in denying his application for benefits.  Liberally construed, Plaintiff asserts that he has suffered from chronic debilitating headaches daily since 1996.  The condition is allegedly so severe that it is unrelieved by medication and has made it impossible for him to secure employment.  He also asserts that the neurological and psychological bases of his debilitating migraines were never presented for the ALJ's consideration because his legal counsel failed to submit a complete copy of his medical

---

[1] The first hearing was continued for the express purpose of obtaining a complete copy of Plaintiff's medical records.  ECF No. 5, pp. 36-39.

records. He specifically maintains that counsel failed to submit any "documentation from a treating physician thoroughly explaining my condition and inability to work."[2] In support, he submits an unauthenticated letter addressed to him from Dr. Erik Undesser of the VA Medical Center, dated November 26, 2013, advising that Plaintiff suffers from intractable migraine headaches that preclude him from returning to work. The doctor specifically advises as follows:

> Mr. Ollie Cain has been a patient of the G.V. "Sonny" Montgomery VA Medical Center since 2007. He has been diagnosed with Migraine headaches that are intractable. He has been trialled on preventative medications that brought him minimal relief or were intolerable due to side effects. He remains on Neurontin and pain medications which brings minimal relief. He has a continuous headache with exacerbation daily. He has to go bed daily for his headaches due to debility, nausea, vomiting, light and noise sensitivity and pain. He has tried to work, and due to his headache condition, he has been unable to keep sustainable employment since 2006. Due to his condition, and that his prognosis is poor for improvement, he is unable to work.[3]

The Court, having carefully considered each of these and other arguments raised by Plaintiff on appeal, finds substantial evidence supports the denial of benefits in this case.

This Court's review of the ALJ's decision is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as

---

[2]ECF No. 8, p. 2.

[3]*Id.* at p. 6.

adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 435 (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A)). The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using a sequential evaluation.[4] The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step -- whether a claimant can perform work existing in significant numbers in the national economy -- rests with the Commissioner. Significantly, the Commissioner only has the burden of proof at step five, while the claimant has the burden of making the threshold

---

[4] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

showing that the impairment is medically severe at step two. An impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir. 1985) (quotation omitted).[5]

Applying the severity standards set forth in *Stone* and 20 C.F.R. § § 404.1521 and 416.921, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that were medically severe during the relevant period. In making this determination, the ALJ considered both the objective medical evidence and Plaintiff's subjective complaints. The ALJ found that while Plaintiff's impairments could reasonably be expected to produce the alleged symptoms, his statements regarding their intensity, persistence, and limiting effects did not credibly establish that they were medically severe. When a claimant's statements concerning the intensity, persistence, or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding on their credibility. *Foster v. Astrue*, 277 F. App'x. 462 (5th Cir. 2008). The ALJ's determination is entitled to considerable deference and is supported by substantial evidence here.

---

[5]*See also Anthony*, 954 F.2d at 294-295 (finding that the standards announced in *Stone* remain unchanged in the wake of *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)).

Plaintiff testified that he has not worked in over 15 years because he experiences debilitating headaches on a daily basis three times per day. The headaches are reportedly so severe that they cause short-term memory loss, blurred vision, and sensitivity to light. Although he takes prescription medication, Plaintiff testified that the medication causes similar side effects and provides relief only after about 30 minutes, if at all. He also testified that his daily activities have been limited since 1995, explaining that he only cleans and washes dishes, though he is still able to drive.[6]

Yet, as noted by the ALJ, Plaintiff's medical records prior to his date last insured, indicate that his intractable migraines were only slight abnormalities having such a minimal effect that they would not be expected to interfere with the ability to perform basic work activities. Records from the VA Medical Center indicate that Plaintiff's treatment for intractable migraines largely began in 2000, as noted by the ALJ, "well beyond the date of last insured for Title II benefits." The only medical evidence during the relevant time period shows that Plaintiff was treated for cluster headaches twice on June 23, 1996. At that time, Plaintiff reported that he had not had a headache in three years. Treatment records indicate that he was given Demerol, which provided "significant relief," and that his visual changes resolved. Plaintiff also reported the he was "feeling much better." Medical records reflect only two follow-up treatments for a headache-related impairment. In the first follow-up three days later, Plaintiff reported no

---

[6]ECF No. 5, pp. 22-35.

symptoms. In the second follow-up in July 1996, Plaintiff reported only "some [headache] pain" in his left temporal area and left eye. He was also noted to have a tooth abscess for which he was scheduled to see a dentist later that day. Plaintiff's only other medical treatment prior to the date last insured were for medical impairments that were diagnosed and successfully treated in less than 12 months.[7]

In addition to the sporadic and conservative nature of his treatment, the ALJ noted that Plaintiff's daily activities were not as "limited to the extent one would expect, given the complaints of disabling symptoms and limitations." It is noted that he was able to drive a vehicle when necessary. Although Plaintiff initially testified that he had not worked since 1997, the evidence reflects and he admitted that he worked from 2004-2006. While this work failed to rise to the level of substantial gainful activity, as noted by the ALJ, the fact that the claimant was not initially forthcoming certainly bears on the issue of credibility. The fact that he returned to work, despite the debilitating and continuous nature of his headaches, "strongly suggests that [the headaches] would not currently prevent work." It also suggests that his "daily activities have, at least at times, been somewhat greater than the claimant has generally reported." While the Court acknowledges Plaintiff's contention on appeal that he is unable to sustain employment, substantial evidence of record supports the ALJ's decision that he was not under a

---

[7]ECF No. 5, pp. 16, 406-428. In May 1997, Plaintiff reported a cyst on his neck was draining well. In June 1997, Plaintiff was diagnosed with epididymitis-orchitis. By January 1998, he was "stable" and within six months, the condition had completely resolved. *Id.*

7

disability during the relevant period. [8]

Plaintiff's credibility was also adversely affected by his inconsistent statements concerning his medications. Impairments that can be reasonably remedied or controlled by medication or treatment are not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987); *Glenn v. Barnhart*, 124 F. App'x 828, 829 (5th Cir. 2009). Contrary to his statements on appeal, Plaintiff's medical records before his insured status expired reflect that he contemporaneously reported that his medications were effective in treating his headaches. No short-term memory loss, nausea, or vision problems were reported as side effects. Instead, he reported that he felt "significant relief" and "felt much better." [9]

In addition to this evidence, the ALJ properly noted that no examining or treating physician has ever opined that his impairments impacted his ability to perform work-related activities through his date of last insured. *See Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008) (distinguishing between diagnosed impairments and functional limitations caused by those impairments). To the contrary, state agency consultants in July 2010 found no evidence from Plaintiff's VA medical records indicating a disabling impairment on or before his date of last insured, December 31, 1997.[10]

---

[8]ECF No. 5, pp. 13-18.

[9]*Id.* at 427.

[10]*Id.* at 221.

Finally, the Court addresses the new evidence submitted by Plaintiff on appeal, which is liberally construed as a request for remand under the sixth sentence of 42 U.S.C.A. § 405(g). To warrant a sentence-six remand, "the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding." *Leggett*, 67 F.3d at 567 (quoting *Bradley v. Bowen,* 809 F.2d 1054, 1058 (5th Cir. 1987)). "Evidence that was 'not in existence at the time of the administrative . . . proceedings meets the 'new' requirement for remand to the Secretary.'" *Hunter v. Astrue*, 283 F. App'x. 261, 262 (5th Cir. 2008). To be material, the evidence must "relate to the time period for which benefits were denied," and it may not "concern evidence of a later-acquired disability, or of the subsequent deterioration of a previously non-disabling condition." *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985)). There must also be a reasonable possibility that the evidence would have changed the outcome of the Commissioner's determination. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

Although new, Plaintiff fails to show good cause as to why Dr. Undesser's letter was not submitted during the administrative proceedings. "The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). While Plaintiff faults his former counsel for allegedly failing to submit his complete medical records, a former counsel's failure to submit evidence is not good cause to justify remand. *Lister v. Astrue*, No. 3:10CVI436–

9

BD, 2011 WL 4424390, at *8 (N.D. Tex. Sept.22, 2011). More importantly, the record reflects that the first administrative hearing was continued for the express purpose of obtaining a complete copy of Plaintiff's medical records, which were submitted and considered by the ALJ before rendering his decision. As noted earlier, these records confirm that no examining or treating physician opined during the relevant time period that Plaintiff had a medically severe impairment that would preclude him performing basic work activities.

Dr. Undesser's letter is also immaterial. The letter is dated November 26, 2013, nearly two years after the ALJ rendered his unfavorable decision. It indicates that Plaintiff has been treated for intractable migraines at the VA Medical Center since 2007, nearly ten years after his insured status expired. At best, Dr. Undesser's assessment is evidence of the deterioration of Plaintiff's previous condition. As such, it may not provide justification for remand. *See, e.g.*, *Leggett*, 67 F.3d at 567.[11]

Substantial evidence supports the ALJ's conclusion that Plaintiff's headaches did not impose more than a minimal effect on his ability to engage in basic work-related activities during the relevant period from January 1, 1996, through December 31, 1997. Plaintiff offers no other arguments on appeal that are persuasive, proper, or germane to the denial of his application of social security benefits. For these reasons, it is the opinion of the undersigned United States Magistrate Judge that Defendant's Motion to

---

[11]ECF No. 8, pp. 1-6.

Affirm the Commissioner's Decision be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of February 2014.

                                           /s/  Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE